**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO CORTEZ-ARREOLA, AKA Pedro Cortez, | No. 20-72055 |
| Petitioner, | Agency No. A205-117-014 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and R. NELSON, Circuit Judges.

Pedro Cortez-Arreola petitions for review of the Board of Immigration

Appeals's decision affirming the immigration judge's denial of his application for

withholding of removal. We dismiss the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioner "has exhausted all administrative remedies available to [him or her] as of right." This provision requires petitioners to present arguments they advance before this court to the Board first. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894 (9th Cir. 2021) ("[W]e have held that the statute also requires issue exhaustion, or, in other words, that it permits us to consider only those issues that the petitioner properly raised before the agency.") (collecting cases). To exhaust an argument, a petitioner must identify it to the Board in a manner precise enough to put it "on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

Cortez-Arreola argues before us that the agency erred by (1) failing to consider past persecution from his perspective as a minor at the relevant time; and (2) finding him capable of relocating to other parts of Mexico. Yet he raised neither of these arguments to the Board. The Board, as a result, did not have an opportunity to address them.

Because Cortez-Arreola failed to comply with § 1252(d)'s exhaustion requirement, we dismiss the petition. The temporary stay of removal remains in place until the mandate issues. Cortez-Arreola's motion for a stay of removal, Dkt. 30, is otherwise denied.

**DISMISSED**.